Bill BLYSTONE, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–00951–CR.

Court of Appeals of Texas, Dallas.

Jan. 27, 1983.

Larry Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., Karen Chilton Beverly, Asst. Dist. Atty., for appellee.

Before STEPHENS, WHITHAM and GUILLOT, JJ.

WHITHAM, Justice.

Appellant appeals from a conviction for aggravated assault. The court assessed punishment at three years in the Texas Department of Corrections. We affirm.

A feud between two family groups living in the same general neighborhood erupted in a gun battle. We will resist the temptation to narrate the details of this modern day "OK Corral" shoot-out between persons engaged in a "Hatfield-McCoy" feud. Suffice it to say that appellant belonged to one faction. Complainant and his uncle, Roy Lang, belonged to the other. The battle resulted in the death of Roy Lang and one other. Appellant, complainant, and three others survived wounds. Immediately before the gunfire started, appellant and complainant, both armed with rifles pointed up in the air, were discussing the cause of the confrontation. A voice yelled out "who wants it first." The battle began. Both appellant and complainant looked in the direction of the voice; however, appellant lowered his gun and shot complainant. Roy Lang grabbed complainant's rifle, ran behind an automobile and pointed the gun at appellant. Gunfire was heard and Roy Lang fell to the ground. In a prior non-jury trial appellant was found not guilty of the murder of Roy Lang.

The State's entire case in chief was the offering by agreement of testimony heard in the prior case in which appellant was found not guilty of murdering Roy Lang. The agreed part of the record in the prior case now before us also contains the trial court's finding in the prior case that appellant was not guilty of the murder of Roy Lang. In the present case appellant does not challenge the sufficiency of the evidence to support his conviction. Citing *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), appellant, in his sole ground of error, asserts that the doctrine of collateral estoppel prohibits appellant's conviction for the offense of the aggravated assault of complainant when the State's entire case in chief was the testimony heard in the prior case. Appellant argues that "[i]n the case before the court the only facts offered by the state were facts already offered at an earlier trial and the court resolved the earlier trial in appellant's favor." Appellant further argues that, therefore, "[w]hen the state was permitted to relitigate the same issues by reintroduc-

ing identical testimony at the second trial the collateral estoppel principle was violated."

In *Ashe* the Supreme Court determined that the doctrine of collateral estoppel is embodied in the Fifth Amendment guarantee against double jeopardy. The Supreme Court defined "collateral estoppel" as meaning "simply that when an issue of *ultimate fact* has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe,* 397 U.S. at 443, 90 S.Ct. at 1194 (emphasis added). In *Ashe* three or four masked men, armed with a shotgun and pistols, broke into a basement of a home and robbed each of six men playing poker. Ashe was acquitted of the robbery of one of the victims and thereafter brought to trial for the robbery of another participant in the poker game. Ashe was found guilty in the second trial. In *Ashe* the Supreme Court determined that the single issue in real contest in both trials was the question of whether the accused was or was not present at the time of the robbery. The Supreme Court concluded that, since the first jury had determined by its verdict that the accused was not one of the robbers, the State could not constitutionally hale him before a new jury to litigate the issue again.

In *Ashe* the Supreme Court stated the test to determine application of the doctrine of collateral estoppel as a part of the Fifth Amendment's guarantee against double jeopardy:

> The federal decisions have made clear that the rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality. Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to 'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.'
>
> The inquiry 'must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings.' *Sealfon v. United States,* 332 U.S. 575, 579 [68 S.Ct. 237, 240, 92 L.Ed. 180 (1948) ].... Any test more technically restrictive would, of course, simply amount to a rejection of the rule of collateral estoppel in criminal proceedings, at least in every case where the first judgment was based upon a general verdict of acquittal.

397 U.S. at 443–44, 90 S.Ct. at 1194. Although appellant does not so state, we assume appellant's theory to be that the doctrine of collateral estoppel prohibits the State from relitigating, for illustration, facts such as:

(a) that appellant was present at the shoot-out,

(b) that he was armed with a rifle,

(c) that he was standing talking with complainant, and

(d) that he lowered his rifle and shot complainant,

in order to establish the fact of the crime. We decline to so hold. In the present case we conclude that an examination of that part of the record in the first trial which appellant has brought before us can result in no conclusion other than that the trier of fact in the first trial grounded his decision upon the issue of whether in the gun battle appellant fired any of the shots hitting Roy Lang and that the trier of fact in the first trial did not ground his decision upon facts such as whether appellant:

(a) was present at the shoot-out,

(b) was armed with a rifle,

(c) was standing talking with complainant, and

(d) lowered his rifle and shot complainant.

None of these facts were in issue in the first case. Moreover, under the record in the present case, a determination of whether appellant fired any of the shots hitting Roy Lang is not required in order to establish the crime for which appellant was convicted in the present case. Therefore, since the trier of fact in the first trial did not ground his decision upon any of these last

mentioned facts it cannot be said that the State seeks to relitigate those issues in the present case.

In *Dedrick v. State,* 623 S.W.2d 332 (Tex. Cr.App.1981), the court drew the distinction between collateral estoppel and double jeopardy as follows:

> [I]n more prosaic terms, the traditional bar of double jeopardy prohibits the prosecution of the crime itself, whereas collateral estoppel, in a more modest fashion, simply forbids the government from relitigating *certain facts* in order to establish the fact of the crime.

*Id.* at 336, (quoting *United States v. Mock,* 604 F.2d 341 (5th Cir.1979)) (emphasis added). Thus the doctrine of collateral estoppel does not forbid the State from relitigating all facts but only "certain facts." That appellant did not fire any of the shots hitting Roy Lang is the "certain fact" the State is forbidden from relitigating under the doctrine of collateral estoppel. We conclude, therefore, that in the present case the State is not prohibited by the doctrine of collateral estoppel from litigating facts to establish the crime such as whether appellant:

(a) was present at the shoot-out,

(b) was armed with a rifle,

(c) was standing talking with complainant, and

(d) lowered his rifle and shot complainant.

We hold, therefore, that the issues which appellant seeks to foreclose from consideration were not litigated in the prior case. Accordingly, we further hold that where fact issues litigated in a prior case in which the accused was acquitted were not the ultimate fact issues litigated in a second case in which the accused was convicted no violation of the doctrine of collateral estoppel occurs upon the conviction of the accused in the second case even though the State's entire case in chief in the second case was the testimony heard in the first case. Appellant's ground of error is overruled.

Affirmed.